UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

MECKLER ASSOCIATES, PC d/b/a MECKLER
ASSOCIATES,

               Plaintiff

    -against-

WARWICK PROPERTIES, INC., WARWICK
PROPERTIES LLC, JONAH MANDELBAUM, SUNRISE
GARDENS ASSOCIATES, LLC, SUNRISE GARDENS
LIMITED PARTNERSHIP, SUNRISE GARDENS
HOUSING DEVELOPMENT FUND COMPANY, INC.,
OAK RIDGE APARTMENTS ASSOCIATES, LLC, OAK
RIDGE APARTMENTS LIMITED PARTNERSHIP, OAK
RIDGE APARTMENTS HOUSING DEVELOPMENT
FUND COMPANY, INC., ULSTER GARDENS
ASSOCIATES, LLC, ULSTER GARDENS LIMITED
PARTNERSHIP, ULSTER GARDENS HOUSING
DEVELOPMENT FUND COMPANY, INC., GOLDEN
RIDGE APARTMENTS ASSOCIATES, LLC, GOLDEN
RIDGE APARTMENTS LIMITED PARTNERSHIP,
GOLDEN RIDGE HOUSING DEVELOPMENT FUND
COMPANY, INC., RAYHAR LLC, TEMPLE HILL
ASSOCIATES, LLC, TEMPLE HILL LIMITED
PARTNERSHIP, TEMPLE HILL REALTY LLC, TEMPLE
HILL HOUSING DEVELOPMENT FUND COMPANY,
INC., INDEPENDENCE SQUARE APARMENTS
LIMITED PARTNERSHIP, INDEPENDENCE SQUARE
ASSOCIATES, LLC, INDEPENDENCE SQUARE
HOUSING DEVELOPMENT FUND COMPANY, INC.,
INDEPENDENT LIVING, INC., COPPOLA
ARCHITECTURE P.C. d/b/a COPPOLA ASSOCIATES,
and ANTHONY J. COPPOLA

               Defendants.

-------------------------------------------------------------------x

14 Civ.

**COMPLAINT**

**TRIAL BY JURY
DEMANDED**



14 CIV. 9045

JUDGE SEIBEL

     Plaintiff Meckler Associates, PC d/b/a Meckler Associates, by its attorneys Sinnreich

Kosakoff & Messina LLP, as and for its Complaint against defendants Warwick Properties, Inc.,

Jonah Mandelbaum, Coppola Architecture P.C. d/b/a Coppola Associates and Anthony J.

Coppola, allege as follows:

## PRELIMINARY STATEMENT

1.      Meckler was the original architect for approximately thirteen New York State affordable senior housing projects developed by defendants Jonah Mandelbaum and Warwick Properties, Inc. and various other entities owned and controlled by them. Meckler created the original architectural plans and specifications for these projects, and his various contracts with the defendants explicitly stated that he retained all copyrights in his work. Indeed, Meckler filed for and obtained a Certificate of Registration with the United States Copyright office for his design in March 2012. Eventually, Mandelbaum, Warwick and the other defendants decided that they did not want to pay as much for the Meckler's services, so, without Meckler's authorization, they hired a new architect to copy the Meckler's copyrighted plans and specifications, which he did for at least seven projects that Meckler has been able to identify. Shockingly, Mandelbaum has apparently been using the rendering for the last project that they worked together on to sell these new infringing projects, right down to the clouds in the sky and the cars in the parking lot. All of the defendants herein participated in the infringement, or with knowledge of the infringement, induced, caused or materially contributed to the infringement. As a result, all of the defendants are liable to Meckler for damages, pursuant to 17 U.S.C. §§ 106, 501 and 504.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action, pursuant to 28 U.S.C. § 1391(a), in that at least one defendant resides in this District and all defendants reside in this State and a substantial part of the events or omissions giving rise to the claims occurred in this District.

3.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a), in that at least one defendant resides in this District and all defendants reside in this State and a substantial part of the events or omissions giving rise to the claims occurred in this District.

2

## THE PARTIES

4.      Plaintiff Meckler Associates, PC d/b/a Meckler Associates ("Meckler") is a professional corporation organized and existing under the laws of the State of New York with a principal place of business located at 144 Route 59, Suffern, New York 10901.

5.      Defendant Warwick Properties, Inc. ("Warwick Inc.") is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

6.      Upon information and belief, defendant Warwick Properties, LLC (collectively, with Warwick, Inc., "Warwick") is a limited liability corporation organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

7.      Upon information and belief, defendant Jonah Mandelbaum is an individual residing within the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

8.      Defendant Sunrise Gardens Associates, LLC ("Sunrise LLC") is a limited liability corporation organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

9.      Defendant Sunrise Gardens Limited Partnership ("Sunrise LP") is a partnership organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

10.      Defendant Sunrise Gardens Housing Development Fund Company, Inc. ("Sunrise Inc.," and collectively with Sunrise LLC and Sunrise LP, the "Sunrise Entities") is a not-for-

3

profit corporation organized and existing under the laws of the State of New York with a principal place of business located at 14 Fortune Road West, Middletown, New York 10941.

11.     Defendant Oak Ridge Apartments Associates, LLC ("Oak Ridge LLC") is a limited liability corporation organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

12.     Defendant Oak Ridge Apartments Limited Partnership ("Oak Ridge LP") is a partnership organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

13.     Defendant Oak Ridge Apartments Housing Development Fund Company, Inc. ("Oak Ridge Inc.," and collectively with Oak Ridge LLC and Oak Ridge LP, the "Oak Ridge Entities") is a not-for-profit corporation organized and existing under the laws of the State of New York with a principal place of business located at 15 Fortune Road West, Middletown, New York 10941.

14.     Defendant Ulster Gardens Associates, LLC ("Ulster LLC") is a limited liability corporation organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

15.     Defendant Ulster Gardens Limited Partnership ("Ulster LP") is a partnership organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

16.     Defendant Ulster Gardens Housing Development Fund Company, Inc. ("Ulster Inc.," and collectively with Ulster LLC and Ulster LP, the "Ulster Entities") is a not-for-profit corporation organized and existing under the laws of the State of New York with a principal place of business located at One Amy Kay Parkway, Kingston, New York 12401.

4

17.     Defendant Golden Ridge Apartments Associates, LLC ("Golden LLC") is a limited liability corporation organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

18.     Defendant Golden Ridge Apartments Limited Partnership ("Golden LP") is a partnership organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

19.     Defendant Golden Ridge Housing Development Fund Company, Inc. ("Golden Inc.") is a not-for-profit corporation organized and existing under the laws of the State of New York with a principal place of business located at 15 Fortune Road West, Middletown, New York 10941.

20.     Upon information and belief, defendant Rayhar LLC ("Rayhar," and collective with Golden LLC, Golden LP and Golden Inc., the "Golden Entities") is a limited liability corporation organized and existing under the laws of the State of New York with a principal place of business located at 39 Highland Drive, Box 478, South Fallsburg, New York 12779.

21.     Defendant Temple Hill Associates, LLC ("Temple Hill LLC") is a limited liability corporation organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

22.     Defendant Temple Hill Limited Partnership ("Temple Hill LP") is a partnership organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

23.     Defendant Temple Hill Realty LLC ("Temple Hill Realty LLC") is a limited liability corporation organized and existing under the laws of the State of New York with a principal place of business located at 27 Water Way, Newburgh, New York 12550.

24.     Defendant Temple Hill Housing Development Fund Company, Inc. ("Temple Hill Inc.," and collectively with Temple Hill LP, Temple Hill LLC, Temple Hill Realty LLC, the "Temple Hill Entities") is a not-for-profit corporation organized and existing under the laws of the State of New York with a principal place of business located at 2 Liberty Court, Suite 3, Warwick, New York 10990.

25.     Defendant Independence Square Apartments Limited Partnership ("Independence LP") is a partnership organized and existing under the laws of the State of New York with a principal place of business located at c/o Warwick Properties, Inc., 2 Liberty Court, Suite 3, Warwick, New York 10990.

26.     Defendant Independence Square Associates LLC ("Independence LLC") is a limited liability corporation organized and existing under the laws of the State of New York with a principal place of business located at c/o Warwick Properties, Inc., 2 Liberty Court, Suite 3, Warwick, New York 10990.

27.     Defendant Independence Square Housing Development Fund Company, Inc. ("Independent Fund") is a not-for-profit corporation organized and existing under the laws of the State of New York with a principal place of business located at 5 Washington Terrace, Newburgh, New York 12550.

28.     Defendant Independent Living, Inc. ("Independent Living," and collectively with Independence LP, Independence LLC and Independent Fund, the "Independence Entities") is a not-for-profit corporation organized and existing under the laws of the State of New York with a principal place of business located at 5 Washington Terrace, Newburgh, New York 12550.

29.     Defendant Coppola Architecture, PC d/b/a Coppola Associates ("Coppola PC") is a professional corporation organized and existing under the laws of the State of New York with a

principal place of business located at 6 Old North Plank Road, Suite 101, Newburgh, New York 12550.

30.     Upon information and belief, defendant Anthony J. Coppola (collectively, with Coppola PC, the "Coppola Defendants") is an individual residing in State of New York with a principal place of business located at 6 Old North Plank Road, Suite 101, Newburgh, New York 12550.

## BACKGROUND FACTS

31.     Defendants Warwick and Mandelbaum are developers of affordable senior housing in the State of New York for which they, and entities under their control, receive significant grants from New York State and lucrative contracts to manage the properties after they are constructed.

32.     Between 2003 and 2010, Meckler issued at least thirteen proposals to Warwick and Mandelbaum to provide architectural services for their affordable senior house projects, including, but not limited to preparing preliminary drawings, working drawings and specifications for the projects. Mandelbaum executed each of these proposals.

33.     For the services that Meckler provided, Mandelbaum and Warwick agreed to pay Meckler a fee per unit. In 2003, Meckler's fee was $1,450 per unit, in 2008, that fee was $2,450 per unit, and in 2010, Meckler's fee was $2,950 per unit. These fees increased over time for numerous reasons, including, but not limited to green building requirements.

34.     With respect to some of the projects, subsequent to Mandelbaum's execution and acceptance of the proposal, Meckler would enter into a AIA Document B181 Standard Form of Agreement Between Owner and Architect for Housing Services ("B181") with an entity created

by Mandelbaum and Warwick for the specific project. Those entities always had the same address as Warwick.

35. Each of the senior housing projects utilized original elevations and floor plans created by Meckler.

36. Specifically, on or about January 2, 2008, Meckler issued a proposal to Mandelbaum and Warwick for a project located in New Windsor, New York called "New Windsor Senior Housing" (copy annexed as Exhibit A).

37. The project was for two three-story buildings and a total of 90 units at $2,450 per unit. Thus Meckler's fee for this project was $220,500.

38. This proposal was executed and accepted by Mandelbaum at page 3.

39. The proposal specifically states on page three that:

> Drawings and specifications as instruments of service are and shall remain the property of the architect, whether the project for which they are made is executed or not. They are not to be used by the Owner on other projects or extensions to this project except by agreement in writing and with the appropriate compensation to the Architect.

40. In addition, Meckler entered into a B181 with Mandelbaum at New Windsor Senior Housing Limited Partnership ("New Windsor LP") (copy annexed as Exhibit B). The agreement lists the same address as Warwick for New Windsor LP.

41. Article 6, Section 6.1 of the B181 specifically states that:

> The Drawings, Specifications and other documents prepared by the Architect for this Project are instruments of the Architect's service for use solely with respect to this Project, and unless otherwise provided, the Architect shall be deemed the author of these documents and shall retain all common law, statutory and other reserved rights, including the copyright…. The Architect's Drawings, Specifications or other documents shall not be used by the Owner or others on other projects, for additions to this Project, or for completion of this Project by others unless the Architect is

adjudged to be in default under this Agreement, except by agreement in writing and with appropriate compensation to the Architect.

42.     Meckler's architectural drawing and specifications for the New Windsor project (the "Plans," a copy of which, Drawings A-1 through A-24 are annexed as Exhibit C) were completed in 2009, and construction on the project was completed in or about February 2010.

43.     The Plans clearly identify themselves as the work of Meckler.

44.     Meckler is the owner of Copyrights for the Plans.

45.     The Register of Copyrights, United States of America has issued a Certificate of Registration of the Plans, effective March 23, 2012 as Registration Number VAu 1-121-988 (copy annexed as Exhibit D).

46.     The last project that Meckler worked on for Mandelbaum and Warwick was the Amber Grove Senior Housing project located in New Windsor, New York. The fully-executed proposal for that project is dated December 13, 2010 (copy annexed as Exhibit E) and contains the same copyright language as the New Windsor proposal (Exhibit A, p. 3).

47.     Meckler entered into an AIA B108-2009, Standard Form of Agreement Between Owner and Architect for a Federally Funded or Federally Insured Project (copy annexed as Exhibit F) with Mandelbaum at Amber Grove Limited Partnership ("Amber Grove LP"). Again the address for Amber Grove LP is identical to Warwick's.

48.     Article 7 of that Agreement similarly states that the architect retains "all common law, statutory and other reserved rights, including copyrights" in its work and that the Owner has no right to use the architect's drawings for any other project.

49.     The Amber Grove architectural plans and specifications created by Meckler were based on and almost identical to Meckler's copyrighted New Windsor plans and specifications.

50.     A color rendering was created for the Amber Grove project based on Meckler's copyrighted architectural plans and specifications (copy annexed as Exhibit G).

51.     Thereafter, without notice to Meckler, Mandelbaum and Warwick stopped using Meckler's services for subsequent projects.

52.     Thereafter, Mandelbaum and Warwick gave the Plans to the Coppola Defendants and instructed the Coppola Defendants to copy them without authorization from Meckler.

53.     Specifically, the Coppola Defendants copied the Plans on instructions from Mandelbaum and Warwick, making only minor medications, for the following projects (copies of examples of the unauthorized copies of the elevations and floor plans annexed as noted):

| Project Name | Location | Total Units | Exhibit |
|---|---|---|---|
| Sunrise Gardens | Middletown, New York | 79 | H |
| Oak Ridge Apartments | Middletown, New York | 78 | I |
| Ulster Gardens | Ulster, New York | 164 | J |
| Golden Ridge Apartments | Kingston, New York | 348 | K |
| Westfall Senior Housing | Milford, Pennsylvania | 92 | L |
| Temple Hill Apartments | New Windsor, New York | 272 | |
| Independence Square | Newburgh, New York | 63 | M |

54.     Warwick and Mandelbaum are the developers and owners of each of the projects listed in a paragraph 53 above.

55.     Upon information and belief, the Sunrise Entities are the owners of and/or have a development role in the Sunrise Gardens project.

56.     Upon information and belief, the Oak Ridge Entities are the owners of and/or have a development role in the Oak Ridge Apartments project.

57.     Upon information and belief, the Ulster Entities are the owners of and/or have a development role in the Ulster Gardens project.

58.     Upon information and belief, the Golden Entities are the owners of and/or have a development role in the Golden Ridge Apartments project.

59.     Upon information and belief, the Temple Hill Entities are the owners of and/or have a development role in the Temple Hill Apartments project.

60.     Upon information and belief, the Independence Entities are the owners of and/or have a development role in the Independence Square project.

61.     Upon information and belief, the Coppola Defendants created the unauthorized copies of the Plans at the instruction of Mandelbaum and Warwick at a greatly reduced priced compared to what Meckler charged.

62.     Upon information and belief, in addition to the unauthorized copying of the Plans, the Coppola Defendants also failed to comply with 8 N.Y.C.R.R. § 29.3, which subjects architects that sign and seal the plans of another architect to extensive review and record keeping requirements.

63.     Upon information and belief, all defendants were aware of and participated in the Coppola Defendants' unauthorized copying of the Plans.

64.     Indeed, with respect to the Westfall Senior Housing project, Warwick and Mandelbaum went so far as to use the exact rendering that was created for the Amber Grove project based on Meckler's copyrighted plans and specifications, right down to the exact same clouds in the sky and cars in the parking lot. In a June 19, 2014 story on PoconoNews.Net (copy

annexed as Exhibit N), Mandelbaum posed for a picture with local government offices and an exact duplicate of this rendering with only the project name removed from the border. *Compare* Exhibit G to Exhibit N.

## CAUSE OF ACTION
(Copyright Infringement Against All Defendants)

65.     Meckler repeats and realleges the allegations of paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66.     Based on the foregoing, the defendants have wrongfully infringed on Meckler's exclusive rights as copyright owner in the Plans, as provided by 17 U.S.C. §§ 106 and 501.

67.     The defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Meckler's rights.

68.     As described above, all defendants, with knowledge of the infringing activity, induced, caused or materially contributed to the infringing conduct of the other defendants.

69.     As a result, Meckler is entitled to judgment against each defendants, pursuant to 17 U.S.C. § 504(b) for its actual damages suffered as a result of the infringement plus any profits that each defendant derived from the infringement of Meckler's copyright in an amount to be determined at trial, but believed to be in excess of $1,000,000 per defendant.

70.     Meckler is entitled to an accounting and a constructive trust with respect to the defendant's profits derived from the infringement of Meckler's copyright.

71.     In the alternative, Meckler is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for each defendant's infringement of Meckler's copyright.

72.     Meckler is further entitled to its attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

WHEREFORE, plaintiff Meckler Associates, PC d/b/a Meckler Associates respectfully requests that the Court enter judgment against each defendant as follows:

1.      On plaintiff's Cause of Action for copyright infringement in an amount to be determined at trial, but believed to be in excess of $1,000,000;

2.      Ordering an accounting of, and the imposition of a constructive trust with respect to, each defendant's profits attributable to their infringements of Meckler's copyright;

3.      In the alternative, awarding Meckler statutory damages pursuant to 17 U.S.C. § 504(c) for each defendant's infringement of Meckler's copyright;

4.      Awarding Meckler its attorneys' fees and costs, pursuant to 17 U.S.C. § 505; and

5.      For such other and further relief as the Court deems just and proper.

Dated: Central Islip, New York
       November 12, 2014

SINNREICH KOSAKOFF & MESSINA LLP

By:_____
       Jarrett M. Behar (JB-4983)
       267 Carleton Avenue, Suite 301
       Central Islip, New York 11722
       (631) 650-1207

*Attorneys for the Plaintiff*